UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> ASHLAND, INC. d/b/a VALVOLINE INSTANT OIL CHANGE, <br><br> Defendant. | Civil Action No. 1:09 CV 0431 <br> JUDGE BOYKO <br> MAG. JUDGE GALLAS <br><br> COMPLAINT AND DEMAND FOR JURY TRIAL |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Michael Gregory Roach, age 54. The Commission alleges that in October, 2006, Defendant unlawfully terminated Roach, then age 52, one of Defendant's oldest employees among the various stores in the region.

## JURISDICITION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed and are being committed within the jurisdiction of the United States District Court for the Northern District of Ohio.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, Ashland, Inc. d/b/a Valvoline Instant Oil Change, ("Defendant"), a Kentucky corporation, has continuously been an employer doing business in Wooster and Mansfield, Ohio and has continuously had at least 20 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. Since at least October 17, 2006, Defendant has engaged in unlawful employment practices at its Ohio facilities, in violation of Section 4(a)(1) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 623(a)(1) (the "ADEA") 29 U.S.C. § 623. The practices include terminating Michael Roach, then age 52, because of his age. Leading up to his termination, Defendant routinely referred to and addressed Roach as "Papa Roach" and "Old

Man Roach," remarked that he was too old for the job, and made other remarks suggesting age animus.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Michael Roach of equal employment opportunities and otherwise adversely affect his status as an employee because of his age.

9. The unlawful employment practices complained of in paragraph 7 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from imposing discriminatory terms, conditions, and privileges of employment upon its older workers and any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Michael Roach, whose wages are being unlawfully withheld as a result of the acts complained of above.

D. Order Defendant to make whole Michael Roach, whose wages are being unlawfully withheld as a result of the acts complained of above, by restraining the continued

3

withholding of amounts owing as back wages with prejudgment interest, in amounts to be determined at trial.

  E. Order Defendant to make whole Michael Roach, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to his rightful place position and/or front pay.

  F. Grant such further relief as the Court deems necessary and proper in the public interest.

  G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
DEBRA M. LAWRENCE
Acting Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore District Office
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
(410) 209-2734